# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE SHELLS, INC.. AND<br>IN RE BRAYCO LLC<br>    *Debtors* | CASE NOS. 14-50981 AND 14-50982<br><br>JUDGE MARILYN SHEA-STONUM |
| SHELLS, INC.<br>    *Debtor-in-Possession*<br>    and<br>BRAYCO LLC<br>    *Debtor-in-Possession*<br>    *Plaintiffs*<br><br>v.<br><br>AMERICAN FIRST FEDERAL, INC.<br>    and<br>US MORTGAGE LLC<br>    and<br>FIRST COMMERCE, LLC<br>    and<br>FIRSTMERIT BANK NA<br>    and<br>KEYBANK NA<br>    and<br>US SMALL BUSINESS ADMINISTRATION<br>    *Defendants* | ADVERSARY NO. 14-<br><br>**ADVERSARY PROCEEDING TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY; AND DECLARATORY JUDGMENT RELATING TO THE FOREGOING AND OTHER RELIEF.**<br><br>ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY **BOTH** ADVERSARY AND BANKRUPTCY CASE NUMBERS AND NAME OF JUDGE PAT E. MORGENSTERN-CLARREN |

## JURISDICTION

1. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (d.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (K) and (O).

3. To the extent that the matters herein are determined not to be core proceedings, they are related to the bankruptcy case referenced above and Plaintiff consents and alleges that each Defendant also consents to the referral of this adversary proceeding to the

bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

## PARTIES

4. Plaintiff Shells, Inc. as debtor and debtor-in possession ("Shells" and with Brayco "Debtors") is both the debtor that filed one of the bankruptcy cases in which this adversary proceeding is commenced, and continues to manage its property as a debtor-in-possession pursuant to 11 U.S.C. § 1107.

5. Plaintiff Brayco LLC. as debtor and debtor-in possession ("Brayco" and with Shells "Debtors") is both the debtor that filed one of the bankruptcy cases in which this adversary proceeding is commenced, and continues to manage its property as a debtor-in-possession pursuant to 11 U.S.C. § 1107.

6. Defendant American First Federal, Inc. ("AFF") is believed to be a Nevada corporation that is not registered to business in the State of Ohio but may be served with the summons and complaint by first class mail postage pre-paid addressed to Chief Legal Officer, American First Federal, Inc., P.O. Box 232 Lake Oswego OR 97034. AFF may or may not be the successor in interest to FirstMerit, the lender to Debtor under certain loan agreements described below.

7. Defendant US Mortgage LLC ("US Mortgage") is believed to be a limited liability company related to AFF in some fashion that is not registered to business in the State of Ohio, but may be served with the summons and complaint by first class mail postage pre-paid addressed to Chief Legal Officer, US Mortgage LLC, P.O. Box 232 Lake Oswego OR 97034. US Mortgage may or may not be the successor in interest to FirstMerit, the lender to Debtor under certain loan agreements described below.

8. Defendant First Commerce LLC ("First Commerce") is believed to be a limited liability company related to AFF in some fashion that is not registered to business in the State of Ohio, but may be served with the summons and complaint by first class mail postage pre-paid addressed to Chief Legal Officer, First Commerce LLC, P.O. Box 232, Lake Oswego OR 97034. First Commerce may or may not be the successor in interest to FirstMerit, the lender to Debtor under certain loan agreements described below. AFF, US Mortgage and First Commerce are collectively referred to as the "AFF Entities" herein.

9. Defendant FirstMerit Bank, N.A. is an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act that may be served with the summons and complaint certified mail addressed to Chief Legal Officer, FirstMerit Bank, N.A., 106 South Main St., Akron, Ohio 44308 ("FirstMerit"). FirstMerit may or may hold an interest in the security agreements and mortgages described below.

10. Defendant KeyBank, N.A. is an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act that may be served with the summons and complaint certified mail addressed to Chief Legal Officer, KeyBank, N.A., 127 Public Sq., Cleveland, Ohio 44113 ("KeyBank"). KeyBank may or may not hold an interest in the security agreements and mortgages described below.

11. Defendant US Small business Administration ("SBA") is an agency of the United States of America and may be served with the summons and complaint addressed to: Small Business Administration, District Counsel, 1350 Euclid Ave Ste 211, Cleveland OH 44115 and to US Attorney-- ND Ohio, Attn Bankruptcy Section, 801 W Superior Ave Ste 400, Cleveland OH 44113-1852 and to United States Attorney

General, Main Justice Bldg, 10th & Constitution Ave NW, Washington DC 20530. The SBA may or may hold an interest in the Brayco Real Estate described below.

## BACKGROUND

12. In April of 1998 Brayco, LLC acquired a factory in Indiana with financing provided by Bank One NA. Almost immediately FirstMerit replaced Bank One as a lender to Brayco with a loan in the amount of $2,091,113.

13. That loan was secured by a mortgage on the factory premises located at 502 East Olde U.S. Route 30, Bourbon, Indiana ("Brayco Real Estate") and any Brayco personal property pursuant to a security agreement and financing statement that was perfected in Indiana. ("Brayco Note" and "Brayco Mortgage"). The Brayco Mortgage was subsequently amended to state the amount as $1,341,113.

14. Shells guaranteed payment of the Brayco Note to FirstMerit, and that guarantee was secured by a blanket security interest in the accounts, accounts receivable, inventory, general intangibles, equipment and machinery, and the proceeds in thereof, of Shells pursuant to certain security documents including a financing statement evidencing such security interest filed with the office of the Secretary of State of Ohio on April 13, 1998.

15. In order to accommodate a line of credit/ABL financing by Greenfield Commercial Credit, FirstMerit released its security interest in Shells' accounts receivable and general intangibles.

16. On October 9, 2001 FirstMerit filed an amendment of its financing statement releasing its security interest in Shells' accounts, accounts receivable, inventory, and general intangibles and, and the proceeds thereof.

17. FirstMerit continued its security interest in Shells' and equipment and machinery by filing a continuation financing statement on November 8, 2002.

18. The Brayco Note has been in default since February 5, 2002.

19. A forbearance agreement was entered into by and among Brayco, FirstMerit, Shells as of September 26, 2002.

20. On or about March 15, 2004 FirstMerit on information and belief sold the Brayco Note and Mortgage and its interest in the guarantee to AFF.

21. Alternatively to the allegations of paragraph 19, AFF or one of the AFF Entities became the servicing agent for FirstMerit on or about that date.

22. When FirstMerit assigned their interest to AFF in 2004, UCC filings had been made by AFF in Indiana against Brayco and Shells, Inc., in each case noting that the security interest being taken was a blanket security interest in all the property of each entity.

23. However, FirstMerit had already released their security interest in Shells accounts and general intangibles. Before the transfer of any interest in the Brayco Note to the AFF Entities and Brayco only owned real estate and fixtures.

24. In addition when The Huntington National Bank ("Huntington") took over the financing from Greenfield and provided financing to Shells in 2007, AFF provided a subordination agreement to Huntington which remains in effect.

25. The original UCC filings held by FirstMerit in Ohio against Shells lapsed in due course and AFF failed to continue the security interest that had been assigned to it by FirstMerit in the State of Ohio.

26. Accordingly, the only collateral AFF has properly perfected relates to the Brayco real estate and the associated fixtures at the Bourbon, Indiana facility.

**COUNT I DETERMINATION OF SECURITY INTEREST IN SHELLS' PROPERTY**

27. The allegations of paragraphs 1 through 26 above are incorporated by reference here.

28. AFF's security interest is therefore ineffective against Shells assets in a Chapter 11 bankruptcy case. The interest of Shells is superior in its personal property to that of any of the Defendants pursuant to 11 U.S.C. §544.

29. Therefore any of the Defendants is an unsecured creditor of Shells.

**COUNT II– DETERMINATION OF SECURITY INTEREST IN BRAYCO REAL ESTATE**

30. The allegations of paragraphs 1 through 29 above are incorporated by reference here.

31. Brayco Real Estate has a fair market value of $325,000 before any adjustment for roof repairs and environmental issues.

32. The value of the Brayco Real Estate is diminished by the deferred maintenance, especially the building roof. The current repair estimate for the roof is $89,750.

33. The property also has a substantial accumulation of waste sand containing a bonding resin which requires appropriate disposal pursuant to regulations and notices issued by the Indiana Department of Environmental Management ("IDEM"). The current estimated cost of removal is $366,900.

34. The Brayco Real Estate is also subject to a real estate tax lien in the amount of $119,700. Accordingly, the expected value of the Brayco Real Estate based upon adjustments for repairs, environmental remediation and real estate tax would be:

```
    Fair market Value:              $325,000
    Less roof repair:              ( $89,750)
    Less environmental remediation: ($366,900)
    Less real estate tax due:       ($119,700)
    ADJUSTED VALUE:                     -0-.
```

35. On or about June 19, 2012 KeyBank filed a Collateral Assignment of Notes and Liens with the Marshall County Indiana Recorder which includes the Brayco Note and Mortgage.

36. AFF, one of the AFF entities or KeyBank or FirstMerit may be the current holder of the Brayco Mortgage.

37. The SBA may assert a mortgage junior in priority to the Brayco Mortgage against the Brayco Real Estate.

38. Therefore pursuant to 11 U.S.C. §506 the Defendant that is the holder of the Brayco Mortgage and any Defendant that is the holder of any interest junior in priority to the Brayco Mortgage are an unsecured creditors of the estate.

## COUNT III ASSERTION OF INTEREST

39. The allegations of paragraphs 1 through 38 above are incorporated by reference here.

40. The other Defendants may have or claim to have some interest in the Real Estate by way of mortgage, lien, exemption or other encumbrance.

41. By virtue of 11 U.S.C. §§541, 544 and 551, the interest of the Debtors in their assets is superior to some or all of the interests of that the other Defendants may have or claim to have in their assets.

42. All Defendants may be required to answer or file a responsive pleading to this complaint or be forever barred from asserting any claim, exemption, encumbrance or other interest in the Debtors' assets or proceeds received from the sale thereof under Ohio law against the interest of the Plaintiff in the Real Estate.

WHEREFORE, the Plaintiff, Shells, Inc., and Brayco LLC Debtors-in-Possession request judgment in their favor as follows:

1. That this Court enter an order determining the validity, priority and extent of all liens and encumbrances, and other interests against Shells' property and Brayco's property;

2. That each Defendant be required to provide a full and accurate accounting of any amount it claims to be owed by either of the Debtors or their estates;

3. That Defendants be declared to be an unsecured creditors of the estates;

4. That any Defendant failing to answer or failing to file a responsive pleading in this proceeding within the time set forth by law be barred from asserting any such claim, exemption or interest;

5. That Defendants be barred from asserting any claim against the Estates, including asserting any right to credit bid the value of their alleged lien in any sale of the assets of Shells or Brayco; and

such further relief and such further equities as this Court deems just.

Respectfully Submitted,
/s/ Frederic P. Schwieg

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Drive
Rocky River, Ohio 44116-3008
(440) 499-4506
fschwieg@schwieglaw.com
Attorney for Plaintiffs